UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**24-20168-CR-ALTONAGA/REID**
Case No._____

18 U.S.C. § 371
18 U.S.C. § 922(a)(6)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 924(d)(1)

FILED BY ____MP____ D.C.

Apr 24, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

v.

SAMUEL PIERRE and
REGINALD LOUIS CHOSSON,

    Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1
**Conspiracy**
**(18 U.S.C. § 371)**

From in or around May 2022, the exact date being unknown to the Grand Jury, and continuing through at least in or around July 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**SAMUEL PIERRE and
REGINALD LOUIS CHOSSON,**

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to commit any offense against the United States, that is:

    (a)    in connection with the acquisition of firearms from a federally licensed firearms dealer, that is, Lucky Pawn & Jewelry, to knowingly make a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any

fact material to the lawfulness of the sale and other disposition of said firearms, in violation of Title 18, United States Code, Section 922(a)(6); and

(b) to fraudulently and knowingly export and send from the United States to a place outside thereof, that is, Haiti, any merchandise, article, and object, that is, firearms and ammunition, and to conceal and facilitate the transportation and concealment of such merchandise, article, and object prior to exportation, knowing the same to be intended for exportation, contrary to any law and regulation of the United States, that is, Title 18, United States Code, Sections 922(e) and 924(a)(1)(D), in violation of Title 18, United States Code, Section 554.

## OBJECTS AND PURPOSE OF THE CONSPIRACY

It was the objects and purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by purchasing firearms by means of a false statement, concealing the firearms, along with ammunition, in packages, and exporting those packages from the United States to Haiti without the required export license.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose and objects of the conspiracy, included, among other things, the following:

1. **SAMUEL PIERRE** directed and caused known and unknown co-conspirators to purchase and obtain firearms and ammunition on his behalf from federally licensed firearms dealers.

2. **REGINALD LOUIS CHOSSON** falsely represented to federally licensed firearms dealers that he was purchasing firearms for himself when, in reality, **CHOSSON** was purchasing firearms for **SAMUEL PIERRE**.

3. **SAMUEL PIERRE** and his co-conspirators then purchased and obtained the aforementioned firearms and ammunition from **REGINALD LOUIS CHOSSON** and other co-conspirators.

4. Co-conspirators concealed the firearms and ammunition in packages for shipment from the Southern District of Florida to Haiti and arranged to have the packages delivered to Haiti through a cargo shipping company.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects and purpose thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, at least one of the following over acts, among others:

1. On or about May 2, 2022, **REGINALD LOUIS CHOSSON** made an online purchase of one (1) PTR-91 firearm (Serial No. GI22265), which **CHOSSON** then picked up from a Federal Firearms Licensee in Miami, Florida on or about May 7, 2022.

2. On or about May 12, 2022, **REGINALD LOUIS CHOSSON** made an online purchase of one (1) PTR-91 firearm (Serial No. GI20162), which **CHOSSON** then picked up from a Federal Firearms Licensee in Miami, Florida on or about May 17, 2022.

3. On or about May 22, 2022, **SAMUEL PIERRE** caused a Zelle payment in the approximate amount of $500 to **REGINALD LOUIS CHOSSON** for the purchase of a firearm.

4. On or about May 24, 2022, **SAMUEL PIERRE** sent a WhatsApp message directing the purchase of another firearm by **REGINALD LOUIS CHOSSON**.

5. On or about May 31, 2022, **REGINALD LOUIS CHOSSON** made an online payment to purchase one (1) Barrett M107A1 firearm (Serial No. AE008918), which **CHOSSON** then picked up from a Federal Firearms Licensee in Miami, Florida on June 5, 2022.

6. On or about June 17, 2022, **SAMUEL PIERRE** directed **REGINALD LOUIS CHOSSON** to deliver firearms to a known co-conspirator.

7. In or around July 2022, known and unknown co-conspirators delivered the firearms to a cargo shipping company in Miami, Florida for export to Haiti in coordination with **SAMUEL PIERRE** and other known and unknown co-conspirators.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
**Purchase of Firearms by Means of a False Statement**
**(18 U.S.C. § 922(a)(6))**

On or about May 17, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**REGINALD LOUIS CHOSSON,**

in connection with the acquisition of a firearm from a federally licensed firearms dealer, that is, Lucky Pawn & Jewelry, did knowingly make a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale and other disposition of said firearm, in that the defendant **REGINALD LOUIS CHOSSON** stated in Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that he was the actual buyer of the firearm, when in truth and in fact, and as the defendant then and there well knew, he was purchasing the firearm for another person, in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## COUNT 3
## Purchase of Firearms by Means of a False Statement
## (18 U.S.C. § 922(a)(6))

On or about June 5, 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**SAMUEL PIERRE and**
**REGINALD LOUIS CHOSSON,**

in connection with the acquisition of a firearm from a federally licensed firearms dealer, that is, Lucky Pawn & Jewelry, did knowingly make a false and fictitious written statement to the dealer, which statement was intended and likely to deceive the dealer with respect to any fact material to the lawfulness of the sale and other disposition of said firearm, in that **REGINALD LOUIS CHOSSON** stated in Bureau of Alcohol, Tobacco, Firearms, and Explosives Form 4473 that he was the actual buyer of the firearm, when in truth and in fact, and as **CHOSSON** then and there well knew, he was purchasing the firearm for **SAMUEL PIERRE,** in violation of Title 18, United States Code, Sections 922(a)(6) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which any of the defendants, **SAMUEL PIERRE** and **REGINALD LOUIS CHOSSON,** have an interest.

2. Upon conviction of a conspiracy to commit a violation of Title 18, United States Code, Section 554, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 922(a)(6),

5

or any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

All pursuant to Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

███████████████

FOREPERSON

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
AUDREY PENCE TOMANELLI
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**24-20168-CR-ALTONAGA/REID**

UNITED STATES OF AMERICA

CASE NO.: _____

v.

SAMUEL PIERRE and REGINALD LOUIS CHOSSON,
_____/
                Defendants.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) ____
Number of New Defendants ____
Total number of new counts ____

**Court Division** (select one)
- [x] Miami
- [ ] Key West
- [ ] FTP
- [ ] FTL
- [ ] WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __4__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)
   - I  [x] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [x] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
Audrey Pence Tomanelli
Assistant United States Attorney
Court ID No.   A5503001

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**24-20168-CR-ALTONAGA/REID**

| UNITED STATES OF AMERICA | CASE NO.: _____ |
|---|---|
| v. | |
| SAMUEL PIERRE and REGINALD LOUIS CHOSSON, | **CERTIFICATE OF TRIAL ATTORNEY** |
| _____/ | |
| Defendants. | **Superseding Case Information:** |

**Court Division** (select one)

☒ Miami   ☐ Key West   ☐ FTP
☐ FTL    ☐ WPB

New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) No
   List language and/or dialect: _____

4. This case will take __4__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                     (Check only one)
   I   ☒ 0 to 5 days                    ☐ Petty
   II  ☐ 6 to 10 days                   ☐ Minor
   III ☐ 11 to 20 days                  ☐ Misdemeanor
   IV  ☐ 21 to 60 days                  ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
Audrey Pence Tomanelli
Assistant United States Attorney
Court ID No.     A5503001

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** SAMUEL PIERRE

**Case No:** _____

Count #: 1

Conspiracy

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** Five (5) years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000

Count #: 3

Purchase of Firearms by Means of a False Statement

Title 18, United States Code, Section 922(a)(6)
* **Max. Term of Imprisonment:** Ten (10) years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** REGINALD LOUIS CHOSSON

**Case No**:

Count #: 1

Conspiracy

Title 18, United States Code, Section 371
* **Max. Term of Imprisonment:** Five (5) years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000

Counts #: 2 and 3

Purchase of Firearms by Means of a False Statement

Title 18, United States Code, Section 922(a)(6)
* **Max. Term of Imprisonment:** Ten (10) years
* **Mandatory Min. Term of Imprisonment (if applicable):** None
* **Max. Supervised Release:** Three (3) years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release, and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.